# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| ALEXANDER WILLIAMS | PLAINTIFF |
| V. | CAUSE NO. 3:17-CV-927-CWR-FKB |
| HARTFORD LIFE & ACCIDENT INS. CO. | DEFENDANT |

## ORDER

Before the Court is Hartford Life and Accident Insurance Company's Motion to Dismiss Plaintiff Alexander Williams' Amended Complaint. For the reasons that follow, the Court finds that Williams' claims are time-barred based on the terms of his insurance policy with Hartford. Hartford's Motion is granted.

**I.    Factual and Procedural History**

Williams suffers from numerous physical illnesses. As an employee of Flowers Foods, he participated in a group long-term disability ("LTD") policy issued by Hartford. Due to his illnesses, Williams stopped working on December 14, 2011. He filed a claim with Hartford and received short-term disability benefits through December 23, 2012. Hartford terminated his LTD claim on November 10, 2014, and denied Williams' appeal on May 12, 2015.

Williams waited until October 20, 2017, to file this action in Hinds County Circuit Court. He sought to recover disability benefits under the terms of his LTD policy.

A month later, Hartford properly removed the suit to this Court, pursuant to federal question jurisdiction. On Hartford's motion, the Court dismissed Williams' state law claims on the basis that they were preempted by the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq.*, and directed Williams to submit an amended complaint.

Hartford now seeks dismissal of Williams' Amended Complaint, arguing that the suit is time-barred.[1]

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of an action that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

When considering a Rule 12(b)(6) motion, the Court accepts all factual allegations as true and makes all reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff's complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. at 677-78 (quotation marks and citation omitted). The plaintiff's claims need not include "detailed factual allegations," but the complaint must contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id*. at 678 (quotation marks and citation omitted). The plaintiff must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

## III. Discussion

Hartford argues that Williams' suit is time-barred by the LTD policy's limitations period. Because ERISA does not specify a limitations period, the policy terms govern when a plaintiff can bring a lawsuit for benefits. The period is enforceable "as long as [it] is reasonable." *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 106 (2013).

---

[1] Williams filed a Motion for Extension of Time to File Response on February 16, 2018. He filed his response on February 23, 2018, before the Court ruled on his Motion. Therefore, the Motion is moot.

Here, the policy provides for a three-year limitations period, which starts to run at the time proof of loss is due. Proof of loss is due "within 90 days following the completion of the Elimination Period."

Williams received short-term disability benefits through December 23, 2012, which marked the end of the elimination period. The policy defines "elimination period" as "the longer of the number of consecutive days at the beginning of any one period of Disability which must elapse before benefits are payable or *the expiration of any policyholder sponsored short term Disability benefits* or salary continuation program, excluding benefits required by state law." (emphasis added). Williams was then required to provide proof of loss by March 24, 2013. Therefore, the limitations period began on March 24, 2013, and expired on March 24, 2016. Williams did not file this suit until October 20, 2017—over a year after the limitations period expired.

In response, Williams disputes when proof of loss was due. He argues that the deadline was extended to December 24, 2014, because Hartford required him to provide additional documentation. In support of this argument, he attaches an excerpt from an affidavit.[2]

It is unnecessary to consider this excerpt, however. Nowhere in the policy does it state that the deadline for proof of loss is extended if the claimant is required to give additional information.[3]

---

[2] When a party presents "matters outside the pleading" in a Rule 12(b)(6) motion, a court has "complete discretion" to either accept or exclude the evidence. *Isquith ex rel. Isquith v. Middle S. Util., Inc.*, 847 F.2d 186, 196 (5th Cir. 1988). However, if a court does not exclude the matters outside the pleadings, "the motion must be treated as one for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

[3] "[C]ontract interpretation focuses on the plain language of the contract, since the words are by far the best resource for ascertaining the intent and assigning meaning with fairness and accuracy." *Radian Asset Assurance Inc. v. Madison Cnty., Miss.*, No. 3:13-CV-686, 2015 WL 1780190, at *3 (S.D. Miss. Apr. 20, 2015).

With no other argument to consider, the Court finds that Williams' claims are time-barred.

## IV. Conclusion

For the reasons stated, Hartford's Motion to Dismiss is granted. A separate Final Judgment shall issue.

**SO ORDERED**, this the 19th day of April, 2018.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE